# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8696 | DATE | 7/18/2003 |
| CASE TITLE | | Arnold vs. Newsome | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion for partial dismissal of complaint [3-1] is granted. Status hearing set for 8/26/03 at 9:00 a.m. in courtroom 2214. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| ✓ | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 21 2003 date docketed | 10 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 7/18/2003 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMILLE ARNOLD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 8696 |
| v. ) | |
| ) | Magistrate Judge Mason |
| JAMES NEWSOME, as Chairman and not ) | |
| Individually, COMMODITY FUTURES ) | |
| TRADING COMMISSION, an agency of ) | |
| United States Government, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**Michael T. Mason, United States Magistrate Judge:**

This case was brought by Camille Arnold, an attorney employed by the Commodity Futures Trading Commission, (hereafter referred to as the "CFTC") against defendant, James Newsome, as CFTC Chairman, and not individually, alleging racial discrimination during the course of her employment. Plaintiff claims her CFTC supervisors failed to promote her because she is African-American, and in addition retaliated against her when she complained about the alleged racial discrimination. In her complaint plaintiff asserts subject-matter jurisdiction for employment discrimination under 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and 28 U.S.C. § 1343(a)(3). Defendant does not contest subject-matter jurisdiction under Title VII but does move to strike the 42 U.S.C. §1981 and 28 U.S.C. §1343(a)(3) claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant also moves to dismiss both plaintiff's First Amendment and her punitive damages claims pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, we grant defendant's partial motion to dismiss.[1]

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "must accept as true all of the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, "the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989) (reversed on other grounds).

First we consider subject-matter jurisdiction under 42 U.S.C. § 1981. 42 U.S.C. § 1981 is only applicable to establish racial discrimination where the defendant is not the federal government; Title VII is the exclusive remedy for employees claiming racial discrimination by their federal employers. *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976); *Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990); *Lewis v. Henderson*, 2003 WL 118238, *5 (N.D. Ill. Jan. 14 2003). Arnold was a federal employee working for CFTC, a federal

---

[1] Arnold (or her attorney), never filed a response to the motion to dismiss. Three weeks after the response was due, Arnold called this Court's chambers and was told that we had not received a response, and that defendant had filed a cursory reply noting that fact. We waited an additional four weeks after that phone call before issuing this opinion.

agency, and therefore the 42 U.S.C. § 1981 claim must be dismissed for lack of subject-matter jurisdiction.

Similarly, the applicability of 28 U.S.C. § 1343(a)(3) is limited to situations in which the alleged Civil Rights violation occurs "under the color of State law." Section 1343(a)(3) is not applicable when the defendant is a federal agency subject to federal law. *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976); *Seber v. Unger*, 881 F.Supp. 323, 327 (N.D. Ill. 1995). The CFTC is a federal agency, and therefore the claim under 28 U.S.C. § 1343(a)(3) must also be dismissed for lack of subject-matter jurisdiction.

With regards to the First Amendment, the plaintiff does not explicitly state any such claim in the complaint. Nonetheless, even if the complaint were construed to properly state a First Amendment claim, the facts do not suggest that plaintiff's right to free speech was ever violated by the CFTC. The complaint refers to the freedom of speech when it depicts plaintiff's confrontation with her supervisors on or about July 12, 1999; she verbally accused them of passing her up for promotion because of her race. Compl. ¶¶ 33, 34. However, the complaint does not allege that CFTC attempted in any way to abridge this exercise of free speech. Rather, the references to free speech merely relate to the Title VII retaliation claim; she claims that her supervisors retaliated against her after the confrontation because she exercised her free speech. Therefore, even if we accept as true every allegation in the complaint, it fails to proffer enough factual evidence to state a claim upon which relief can be granted for violation of the First Amendment.

Lastly, the statutory language of Title VII only permits a plaintiff to recover punitive damages "against a respondent (other than a government, government agency or political subdivision) ...." 42 U.S.C. § 1981a(b)(1). Therefore, a plaintiff may not recover punitive damages if the defendant is a government agency. *Baker v. Runyon*, 114 F.3d 668, 671 (7th Cir. 1997); *Paxson v. County of Cook, Illinois*, 2002 WL 1968561 (N.D. Ill. Aug. 23 2002). Because the CFTC is a federal agency, plaintiff's punitive damages claim is dismissed as a matter of law.

Defendant's motions to dismiss (1) plaintiff's claim under 42 U.S.C. § 1981, (2) plaintiff's claim under 28 U.S.C. 1343(a)(3), (3) plaintiff's claim that the CFTC violated her first amendment rights, and (4) plaintiff's claim for punitive damages are all granted. It is so ordered.

ENTER:

*[signature]*

MICHAEL T. MASON
United States Magistrate Judge

Dated: July 18, 2003

4